```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| MARY ANITA ROSS | : |
|  | : |
| v. | : Civil Action No. DKC 2005-2630 |
|  | : |
| SUBURBAN HOSPITAL HEALTHCARE SYSTEM, INC. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the unopposed motion to dismiss filed by Suburban Hospital Healthcare System, Inc. Plaintiff Mary Anita Ross was advised by the clerk of the opportunity and necessity for filing a response, *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir.1975), but nothing has been filed. For the following reasons, the motion will be granted.

Plaintiff initially filed suit in the Circuit Court for Montgomery County alleging employment discrimination. Defendant removed the case to this court, and the schedule was adjusted. On February 7, 2006, Defendant filed a motion to compel responses to discovery requests, which Plaintiff did not oppose. On March 3, 2006, the court granted the motion, directed Plaintiff to provide responses no later than March 17, 2006 and to appear at any rescheduled deposition. Plaintiff was forewarned that failure to provide discovery could result in dismissal of her complaint. On April 18, 2006, Defendant filed the motion to dismiss, stating that Plaintiff still has not provided any responses to the discovery requests and has had no communication with counsel for Defendant.

Plaintiff did not even seek an extension of time to provide the responses. Again, Plaintiff has not responded to the motion.

Fed.R.Civ.P. 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions referred to are:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Furthermore, a party's failure to obey an order to provide or permit discovery can also result in dismissal of an action.

*Hathcock v. Navistar Intern. Transp. Corp.*,,53 F.3d 36, 40 (4th Cir. 1995)("the express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.' Fed.R.Civ.P. 37(b)(2).")  The drastic sanction of dismissal may not be imposed except in the most compelling circumstances.  A court is to apply a four factor test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.* at 503-06. [*Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-06 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978)].  Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Id.* at 504.  In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct. *National Hockey League*, [*v. Metropolitan Hockey Club Inc*.], 427 U.S. [639,] at 643, 96 S.Ct. at 2781; *Wilson*, 561 F.2d at 504.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

   At this juncture, dismissal is appropriate.  Defendant simply cannot continue to defend the litigation if Plaintiff will not

respond to legitimate discovery requests, and the filing of lawsuits without intent to participate in the litigation process is the type of conduct that must be deterred.  If Plaintiff will not respond to court orders to provide discovery, and does not even file answers to motions or seek extensions of deadlines, there is little likelihood that less drastic sanctions will be effective.  Thus, the court concludes that the failure to provide discovery is in bad faith, that Plaintiff does not intend to pursue this litigation, and that the complaint should be dismissed.

    A separate order will be entered.

                                                                                     /s/  
                                          DEBORAH K. CHASANOW  
                                          United States District Judge